{¶ 25} I concur with the majority as to the disposition of this case.
 {¶ 26} I write separately only to express my concern as to the way the trial court set off the $30,000, from the Westfield Insurance Company, from the $69,000 judgment. When calculating prejudgment interest, the trial court seems to have set off the $14,024.18 in medical expenses and the $10,000 in future pain and suffering from the $69,000 prior to reducing the judgment by the $30,000 recovery from Westfield Insurance. I assert that that is incorrect. The $69,000 judgment should be reduced by the $30,000 payment from Westfield first. And, unless it is known what that $30,000 payment was for, I contend that the $30,000 has to be set off, pro rata, from each of the categories of damages represented in the $69,000 judgment. For example, since the $14,024.18 in medical payments represents approximately 20% of the $69,000 judgment, then 20% of the $30,000 from Westfield ($6,000) should be subtracted from the $14,024.18 in medical payments.
 {¶ 27} Therefore, even if the trial court were correct in its theory of awarding prejudgment interests, its application was incorrect. The trial court awarded prejudgment interest on the amount of $15,000 ($69,000 minus ($30,000 + $14,000 + $10,000)). Under its theory, the trial court should have awarded prejudgment interest on $25,435:

Damages Awarded Portion of $30,000 that each
 Category should be reduced by
$15,000 Pain Suffering $ 6,522
$14,000 Medicals $ 6,087
$24,000 Lost Wages $10,435
$10,000 Future Pain Suffering $ 4,348
$ 6,000 Loss of Abilities $ 2,608
________________________________ ________
$69,000 $30,000
Remaining in each category after credit
$ 8,478 Pain Suffering $39,000
$ 7,913 Medicals — $ 7,913 Medicals
$13,565 Wages
$ 5,652 Future Pain Suffering — $ 5,652 Future Pain Suffering
$ 3,392 Abilities $25,435
_________________
$39,000
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Costs to be split evenly between appellant and appellee.